UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICARDO CONCEPCION-PADILLA,

    Plaintiff,

v.                                         Case No.  5:25-cv-56-TKW/MJF

TIMOTHY ARMSTRONG, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Because Plaintiff failed to comply with two court orders, failed to make monthly payments of the filing fee, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

## I. BACKGROUND

**A.   The Order to Pay the Initial Partial Filing Fee**

Plaintiff has filed six lawsuits in the United States District Court for the Northern District of Florida. On March 4, 2025, Plaintiff commenced this civil action. Doc. 1 at 1. Plaintiff alleges violations of his constitutional rights. *Id.*

On March 30, 2025, the undersigned ordered Plaintiff to pay an initial partial filing fee of $13.50. Doc. 6. The undersigned also required

Plaintiff "to make monthly payments of 20 percent of the preceding month's income (that is all funds deposited into his inmate account) in each case he has filed in this court." *Id.* at 2. The undersigned imposed a compliance deadline of April 30, 2025, for payment of the initial partial filing fee. The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. *Id.* at 5. Additionally, the undersigned specifically warned Plaintiff: "If Plaintiff spends funds that should have been forwarded to the court as per the payment formula . . ., this case may be dismissed for non-payment." *Id.* at 4.

**B.    Plaintiff's Partial Payment in *Concepcion-Padilla v. Long*, No. 5:24-cv-219-AW-MJF (N.D. Fla.).**

The undersigned takes judicial notice that on April 9, 2025, the clerk of the court received a $20.00 payment in another civil action that Plaintiff had filed: *Concepcion-Padilla*, No. 5:24-cv-219-AW-MJF. Receipt of this partial payment indicates that Plaintiff had received a deposit of $100.00 after the undersigned had granted Plaintiff leave to proceed *in forma pauperis* and before his April 30, 2025, deadline to pay the initial partial filing fee had expired. *Concepcion-Padilla*, No. 5:24-cv-219-AW-MJF, ECF No. 9 (requiring monthly payments of 20% of the

preceding month's income until the filing fee is paid); Doc. 6 at 2 (same) *see* Doc. 7 (indicating that his balance was $0.00 one week before this court granted plaintiff leave to proceed *in forma pauperis*).

C. **Plaintiff's Non-Compliance and Motion for Extension of Time**

Instead of paying the initial partial filing fee timely, on May 5, 2025, Plaintiff filed a motion for extension of time to pay the initial partial filing fee. He claimed that he needed time to "raise the funds" because his mother was in the hospital with a kidney stone, and he "was depending on family to send the money order." *Id.* at 9. Plaintiff did not submit a printout of the transactions in his inmate trust account to corroborate his claim that he did not have funds. Furthermore, Plaintiff did not state: (1) when he requested his mother to pay the initial partial filing fee; (2) when his mother was hospitalized, (3) how long she was hospitalized, or (4) when Plaintiff learned of her hospitalization. Most importantly, Plaintiff intentionally omitted from his motion that he had received $100 in his inmate trust account. Plaintiff also failed to mention that he violated the undersigned's order to pay the initial partial filing fee by April 30, 2025 because Plaintiff instead elected to spend his funds at the prison canteen.

## D. The Undersigned's Order to Show Cause

Because Plaintiff falsely stated he needed to "come up with the funds" and intentionally omitted that he had received $100 after being granted leave to proceed *in forma pauperis*, on May 8, 2025, the undersigned denied Plaintiff's motion for an extension of time. Doc. 10. The undersigned ordered Plaintiff to explain why this case should not be dismissed for Plaintiff's failure to pay the initial partial filing fee. *Id.* Additionally, the undersigned ordered Plaintiff to provide the District Court with a "printout of his inmate trust account that shows all transactions in his inmate trust account for the period of March 24, 2025, through and including May 8, 2025." *Id.* The undersigned imposed a compliance deadline of May 22, 2025, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

## E. Plaintiff's Response to the Order to Show Cause

On May 20, 2025, Plaintiff responded to the undersigned's order to show cause. Doc. 12. Plaintiff did not attach the required printout of his inmate trust account for the period of March 24, 2025, through May 8, 2025. Instead, he submitted a printout of the transactions in his account

for the period of April 1, 2025, through April 30, 2025. *Id.* at 14. Plaintiff acknowledged that on March 30, 2025—the same day he was granted leave to proceed *in forma pauperis*—he received $100. He stated that his mother always paid his initial partial filing fee, and he does not use funds from deposited in his inmate trust account to pay initial partial filing fees. Plaintiff also argued that that any error was harmless because on May 12, 2024, he paid the initial partial filing fee. Plaintiff did not identify the source of this payment. That is, it is unclear whether Plaintiff's mother paid the initial partial filing fee or whether the funds came from Plaintiff's inmate trust account.

**F.   The Second Order to Submit the Inmate Trust Account Statement**

The undersigned takes judicial notice that on May 28, 2025—in a case Plaintiff previously had filed: *Concepcion-Padilla*, No. 5:24-cv-219—Plaintiff paid $20.00 toward his filing fee in that case, rather than pay the initial partial filing fee in this case. ECF No. 17.

Because Plaintiff had not submitted an updated inmate trust account statement, and because the undersigned could not ascertain what funds Plaintiff had in his inmate truest account and whether Plaintiff owed a partial payment to this court, on June 9, 2025, the

undersigned ordered Plaintiff to submit his inmate trust account statement for the period of March 24, 2025, through June 8, 2025. Doc. 13. The undersigned initially provided Plaintiff until June 30, 2025, to comply with the order and warned Plaintiff that the failure to comply likely would result in dismissal. *Id*.

On June 25, 2025, Plaintiff requested a twenty-one-day extension of the compliance deadline. Doc. 14. Plaintiff stated he needed the extension because he had not received the printout of his inmate trust account. Plaintiff, however, did not include any details regarding (1) when he requested the printout; (2) from whom he requested the printout; or (3) whether he filed a grievance relating to his request for a printout. Nevertheless, the undersigned granted Plaintiff's motion and provided Plaintiff until July 21, 2025, to comply and warned Plaintiff that the failure to comply likely would result in dismissal of this civil action. Docs. 15.

Plaintiff has not complied with that order.

### G. Plaintiff's Failure to Make a Partial Payment in July 2025

The undersigned also takes judicial notice that on July 1, 2025, the clerk of the court received another partial payment of $10.00 in Plaintiff's

case. *Concepcion-Padilla*, No. 5:24-cv-219-AW-MJF, ECF No. 18. Plaintiff has failed to make any monthly payments in this case as required by 28 U.S.C. § 1915(b)(2) and the undersigned's order of March 30, 2025.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Furthermore, a district court may dismiss a civil action where a plaintiff fails to pay the filing fee. *Wilson v. Sargent*, 313 F.3d 1315, 1320–21 (11th Cir. 2002).

Plaintiff has failed to comply with two court orders insofar as he has not submitted a complete inmate trust account statement for the period of March 24, 2025, through June 8, 2025. Furthermore, Plaintiff

has not provided this court with even one monthly payment as required by statute and court order.

Plaintiff is an experienced litigator and knows he has an obligation to pay the initial partial filing as well as the monthly installment fees when he receives a deposit to his inmate trust account. To obtain a clear picture of Plaintiff's financial status, the undersigned ordered Plaintiff to provide an updated printout of his inmate trust account statements. Plaintiff has had sufficient time to submit those financial records to the court. He has not done so.

Furthermore, Plaintiff has made significant omissions in an attempt to obscure his financial information and prevent this court from ascertaining whether Plaintiff had funds to pay the monthly installments. Plaintiff has offered no excuse for his failure to provide his inmate trust account statement. Consequently, Plaintiff has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

### III.  CONCLUSION

Because Plaintiff failed to comply with court orders, failed to pay the filing fee, and failed to prosecute this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 5th day of August, 2025.

/s/ *Michael J. Frank*
Michael J. Frank
United States Magistrate Judge

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**